J. Sean Lemoine (Texas SBN 240274431)
E-mail:  sean.lemoine@wickphillips.co,
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave. Suite 100
Dallas, TX 75204
Tel: 21.692.6200    Fax: 214.692.6250

J. Leah Castella (CA SBN 205990)
E-mail: lcastella@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Defendants
SPECTOCOR, LLC AND
AMI MONITORING, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QUEST MEDIA & SUPPLIES, INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>AMI MONITORING, INC. dba SPECTOCOR; SPECTOCOR LLC; and DOES 1 TO 20,<br><br>        Defendant. | Case No. 2:16-cv-02759-WBS-KJN_____<br><br>**SPECTOCOR'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:  October 13, 2016<br><br>**(Diversity)**<br><br>Judge:    Hon. William B. Shubb |

For an answer to Plaintiff Quest Media & Supplies, Inc.'s ("Plaintiff" or "Quest") Complaint (Doc. #2, Exhibit A), filed on October 13, 2016, and removed to this Court by Defendant Spectocor, LLC ("Spectocor" or "Defendant") on November 21, 2016, Defendant hereby admits, denies, and avers as follows:

**COMPLAINT**

1. In response to paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is correctly identified as Quest Media & Supplies, Inc. and alleges a cause of action against Spectocor, LLC and AMI Monitoring, Inc. d/b/a Spectocor. Defendant

1  denies that AMI Monitoring, Inc. d/b/a Spectocor is correctly named as d/b/a Spectocor.
2  Defendant also denies that it is liable for any cause of action identified in paragraph 1. By
3  responding to these allegations, Defendant does not waive its right to challenge the
4  allegations by way of a motion to dismiss.

5    2. Defendant cannot admit or deny the allegations contained in paragraph 2
6  because it is blank and no allegations are made. To the extent this paragraph alleges that
7  Defendant is liable for any of Plaintiff's causes of action, Defendant denies them.

8    3. In response to paragraph 3 of Plaintiff's Complaint, Defendant states that it
9  is without sufficient knowledge or information to admit or deny whether Quest Media &
10  Supplies, Inc. is a corporation qualified to do business in California.

11    4. In response to paragraph 4(a) of Plaintiff's Complaint, Defendant admits
12  that Spectocor, LLC is a Limited Liability Company organized under the laws of the State
13  of Nevada, and is wholly owned by Texas citizen and resident, Joseph H. Bogden.
14  Defendant further admits that AMI Monitoring is a Texas corporation with its principal
15  place of business in McKinney, Texas. In response to paragraph 4(b) of Plaintiff's
16  Complaint, Defendant cannot admit or deny the allegations as to the Doe Defendants
17  because they are fictitious. The Complaint does not set forth the identity or the status of
18  any said fictitious defendants, nor does it set forth any charging allegation against any
19  fictitious defendants. Defendant denies all other allegations in paragraph 4 of Plaintiff's
20  Complaint.

21    5. In response to paragraph 5 of Plaintiff's Complaint, Defendant cannot admit
22  or deny the allegations because they are blank. Defendant denies that Plaintiff has
23  complied with any applicable claims statutes. Defendant further denies that Plaintiff is
24  excused from complying with any applicable claims statutes.

25    6. In response to paragraph 6 of Plaintiff's Complaint, Defendant cannot admit
26  or deny the allegations because they are blank. Plaintiff has not indicated whether this
27  action is subject to Civil Code section 1812.10 or Civil Code section 2984.4.
28  ///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4851-1148-8831 v1   - 2 -   SPECTOCOR'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT 2:16-CV-02759

1    7.    In response to paragraph 7 of Plaintiff's Complaint, Defendant admits that the United States District Court for the Eastern District of California is the proper Court to hear this matter and has jurisdiction over the parties. Defendant admits that the parties entered into a contract providing for jurisdiction and venue in the United States District Court for the Eastern District of California. Defendant denies that it breached the contract and denies that Plaintiff is entitled to judgment under the contract. Defendant denies all other allegations contained in paragraph 7 of Plaintiff's Complaint.

8.    In response to paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff's Complaint alleges a cause of action for breach of contract. Defendant denies that it breached the contract and denies that Plaintiff is entitled to judgment under the contract. Defendant denies all other allegations contained in paragraph 8 of Plaintiff's Complaint.

9.    In response to paragraph 9 of Plaintiff's Complaint, Defendant admits that there are no other allegations made by Plaintiff.

10.   In response to paragraph 10 of Plaintiff's Complaint, Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint. Defendant specifically denies that Plaintiff is entitled to judgment in its favor and denies that Plaintiff is entitled to an award of attorneys' fees.

**FIRST CAUSE OF ACTION – Breach of Contract**

11.   In response to paragraph BC-1 of Plaintiff's Complaint, Defendant admits only that Spectocor signed a written document entitled "Statement of Engagement: Telemed Software Development Solution" on December 15, 2015 and another written document with the same title on February 9, 2016. Defendant further admits that it signed a document entitled, "Addendum 1.0, Contract Number 4608" on January 31, 2016. Defendant further admits that it signed a document entitled, "Addendum 2.0, Contract Number 4608" on June 16, 2016. Defendant denies all other allegations contained in this paragraph of Plaintiff's Complaint. Defendant specifically denies that Plaintiff is entitled to recovery under any of the alleged contracts.

1  12. In response to paragraph BC-2 of Plaintiff's Complaint, Defendant denies the allegations that it breached any agreement with Plaintiff. Defendant denies that it failed to make monthly payments as specified in Addendum 2.0. Defendant denies all remaining allegations of this paragraph of Plaintiff's Complaint.

13. In response to paragraph BC-3 of Plaintiff's Complaint, Defendant denies that Plaintiff has performed its obligations to Defendant under any applicable agreement. Defendant denies all remaining allegations in this Paragraph of Plaintiff's Complaint.

14. In response to paragraph BC-4 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any form of relief in this matter and denies Plaintiff's allegation of damages. Defendant denies any remaining allegations for lack of information and belief.

15. In response to paragraph BC-5 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any form of relief in this matter. Defendant denies any remaining allegations for lack of information and belief.

16. In response to paragraph BC-6 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any form of relief in this matter. Defendant denies any remaining allegations for lack of information and belief.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, and without admitting liability as to any of Plaintiff's causes of action, Defendant asserts the following affirmative defenses and alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

17. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, by Plaintiff's own fault/wrongful conduct.

**SECOND AFFIRMATIVE DEFENSE**

18. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, by Plaintiff's failure to make reasonable efforts to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

19. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, because Plaintiff failed to perform conditions precedent under the applicable agreements and the failure of consideration of the underlying agreements. Specifically, Plaintiff failed to provide a working product.

### FOURTH AFFIRMATIVE DEFENSE

20. Defendant is entitled to an offset of any award issued to Plaintiff based upon Plaintiff's own breach of its express and/or implied contractual obligations, and tortious activity.

### FIFTH AFFIRMATIVE DEFENSE

21. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, because Defendant was fraudulently induced into signing some or all of the applicable agreements.

### SIXTH AFFIRMATIVE DEFENSE

22. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, by an ambiguity in the document that should be construed against Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

23. Spectocor specifically gives notice that it intends to rely upon such other defenses as may become available by law, or under statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend this Answer and assert such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Spectocor prays that:

1. Judgment be rendered in favor of Spectocor and against Quest;
2. Quest takes nothing by its Complaint;
3. Spectocor be awarded costs of suit incurred herein; and

///

1    4.  Spectocor be awarded such other and further relief as the Court may deem
2  necessary and proper.

Dated: December 27, 2016

WICK PHILLIPS GOULD & MARTIN, LLP

By: *s/ J. Sean Lemoine*
   J. Sean Lemoine (*pro hac vice*)
   Rusty J. O'Kane (*pro hac vice*)
   Attorneys for Defendants
   AMI Monitoring, Inc. and SPECTOCOR, LLC

BURKE, WILLIAMS & SORENSEN, LLP

By:  */s/ J. Leah Castella*
   *[signing attorney]*
   J. Leah Castella
   Attorneys for Defendants
   AMI Monitoring, Inc. and SPECTOCOR, LLC