1   J. Sean Lemoine (Texas SBN 240274431)
    E-mail:  sean.lemoine@wickphillips.co,
2   WICK PHILLIPS GOULD & MARTIN, LLP
    3131 McKinney Ave. Suite 100
3   Dallas, TX 75204
    Tel:  21.692.6200    Fax:  214.692.6250
4
5   J. Leah Castella (CA SBN 205990)
    E-mail: lcastella@bwslaw.com
6   BURKE, WILLIAMS & SORENSEN, LLP
    1901 Harrison Street, Suite 900
7   Oakland, CA 94612-3501
    Tel: 510.273.8780   Fax: 510.839.9104

8   Attorneys for Defendants
    SPECTOCOR, LLC AND
9   AMI MONITORING, INC.

10              **UNITED STATES DISTRICT COURT**

11             **EASTERN DISTRICT OF CALIFORNIA**

12

13  QUEST MEDIA & SUPPLIES, INC., a        **Case No.** 2:16-cv-02759-WBS-KJN
    California corporation,
14                                          **DEFENDANT AMI MONITORING,**
                     Plaintiff,             **INC.'S NOTICE OF MOTION AND**
15                                          **MOTION TO DISMISS PLAINTIFF'S**
    v.                                      **COMPLAINT; MEMORANDUM OF**
16                                          **POINTS AND AUTHORITIES IN**
                                            **SUPPORT THEREOF**
17  AMI MONITORING, INC. dba
    SPECTOCOR; SPECTOCOR LLC; and           **[Fed. R. Civ. P. Rule 12 (b)(6)]**
18  DOES 1 TO 20,

19                   Defendants.            Judge:    Hon. William B. Shubb

20                                          Date:     February 6, 2017
                                            Time:     1:30 p.m.
21                                          Location: Courtroom 5, 14th Floor

22                                          Action Filed: October 13, 2016
                                            Removed: November 21, 2016
23

24  **TO ALL OTHER PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

25        **PLEASE TAKE NOTICE** that on February 6, 2017 at 1:30 p.m., or as soon

26  thereafter as the matter may be heard by Hon. William B. Shubb at the above-entitled

27  Court, located at 501 I Street, Sacramento, California, Defendant AMI Monitoring, Inc.

28  ("AMI") will and hereby does move to dismiss Plaintiff's Complaint on the grounds that

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4837-2487-7631 v1          - 1 -        NOTICE AND MOTION TO DISMISS
                                             PLAINTIFF'S COMPLAINT 2:16-CV-02759

1  the Complaint and the causes of action therein fail to state facts sufficient to constitute a

2  cause of action under Federal Rule of Civil Procedure, Rule 12(b)(6).

3       The motion is based upon each of the grounds set forth in the accompanying

4  Memorandum of Points and Authorities, the pleadings and records on file in this action,

5  and on such oral argument as may be presented at the hearing on AMI Monitoring, Inc's

6  Motion to Dismiss the Complaint and on all causes of action therein.

7

8  Dated: December 27, 2016        WICK PHILLIPS GOULD & MARTIN, LLP

9

10                             By: *s/ J. Sean Lemoine*
                                 J. Sean Lemoine
                                 Attorneys for Defendant

11                               AMI Monitoring, Inc. and SPECTOCOR,
                                 LLC

12

13                               BURKE, WILLIAMS & SORENSEN, LLP

14

15                             By: *s/ J. Leah Castella*
                                 J. Leah Castella

16                               Attorneys for Defendant
                                 AMI Monitoring, Inc. and SPECTOCOR,

17                               LLC

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4837-2487-7631 v1        - 2 -        NOTICE AND MOTION TO DISMISS
                                    PLAINTIFF'S COMPLAINT 2:16-CV-02759

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 1

III.    STANDARD OF REVIEW ................................................................................ 1

IV.     PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT FAILS ..................... 2

V.      CONCLUSION .................................................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................. 1, 2

*Daniels-Hall v. Nat'l Educ. Ass'n.*,
    629 F.3d 992 (9th Cir. 2010) ................................................................................ 2

*Gompper v. VISX, Inc.*,
    298 F.3d 893 (9th Cir. 2002) ................................................................................ 2

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) (en banc) ............................................................. 2

*Marceau v. Blackfeet Hous. Auth*,
    540 F.3d 916 (9th Cir. 2008) ................................................................................ 2

*Vignolo v. Miller*,
    120 F.3d 1075 (9th Cir. 1999) .............................................................................. 2

*Wallis v. Centennial Ins. Co.*,
    No. CIV. 08-02558 WBS, 2013 WL 3803971 (E.D. Cal. July 19, 2013)
    (Shubb, J.) ............................................................................................................. 2

### STATE CASES

*Acoustics, Inc. v. Trepte Construction Co.*,
    14 Cal.App.3d 887 (1971).................................................................................... 2

### OTHER AUTHORITIES

Fed. Rule Civ. Proc.
    8(a)(2)..................................................................................................................... 1
    12(b)(6) ............................................................................................................... 1, 2

*Int'l Union of Operating Engineers, Local 3 v. Zurich N. Am.*, No. S06-0957
    WBSKJM, 2006 WL 2791156, at *3 (E.D. Cal. Sept. 27, 2006) .................................... 2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2
### I.     INTRODUCTION

3    The Complaint has no facts with regard to any theory of liability for AMI.  The

4 "contract," attached as Exhibit A, to the Complaint consists of a Service Level Agreement

5 Quest Managed Services Presented to Spectocor, signed by Spectocor on December 15,

6 2015, Addendum 1.0, signed by Spectocor on January 31, 2016, and Addendum 2.0,

7 signed by Spectocor on June 16, 2016 (hereinafter the "Contract"). The Contract does not

8 mention or reference AMI, AMI is not a signatory, and there is no factual explanation for

9 why AMI is a party to this dispute.

10    The sole cause of action for breach of contract fails because there is no contractual

11 relationship between Plaintiff and AMI, and there are no legal theories plead as to why AMI

12 should have liability under the Contract.

13    The motion to dismiss should be granted.

14
### II.     BACKGROUND

15    Plaintiff sues both AMI and Spectocor, and asserts that a copy of the agreement is

16 attached as Exhibit A to the Complaint.  *See* Complaint.  The breach asserted is that

17 monthly payments pursuant to Addendum 2.0 were not made.  *See id.*  AMI is not a

18 signatory to any of the three documents attached as Exhibit A.  There is no explanation in

19 the Complaint as to why AMI is liable under the terms Addendum 2.0, or the other

20 documents that make up the Complaint.

21
### III.     STANDARD OF REVIEW

22    A complaint must contain "a short and plain statement of the claim showing that

23 the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).  Where the plaintiff fails to

24 allege "enough facts to state a claim to relief that is plausible on its face," the complaint

25 may be dismissed for failure to allege facts sufficient to state a claim upon which relief

26 may be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see

27 Fed.R.Civ.P. 12(b)(6).

28 ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4837-2487-7631 v1

- 1 -

1    When a court reviews a complaint under Rule 12(b)(6), all of the complaint's

2    material allegations of fact are taken as true, and the facts are construed in the light most

3    favorable to the non-moving party.  *Marceau v. Blackfeet Hous. Auth*, 540 F.3d 916, 919

4    (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).  However, the

5    court need not accept conclusory allegations, allegations contradicted by exhibits attached

6    to the complaint or matters properly subject to judicial notice, unwarranted deductions of

7    fact, or unreasonable inferences.  *Daniels-Hall v. Nat'l Educ. Ass'n*., 629 F.3d 992, 998

8    (9th Cir. 2010).  Although they may provide the framework of a complaint, legal

9    conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of

10   action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556

11   U.S. 662, 678 (2009);  *Twombly, supra,* 550 U.S. at 555.

12      If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or

13   without prejudice, and with or without leave to amend.  *Lopez v. Smith*, 203 F.3d 1122,

14   1127 (9th Cir. 2000) (en banc), quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

15   1995).  In other words, leave to amend need not be granted when amendment would be

16   futile.  *Gompper v. VISX, Inc*., 298 F.3d 893, 898 (9th Cir. 2002).

17   **IV.    PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT FAILS**

18      An action for "breach of contract" requires plaintiff to plead the following

19   elements: (1) the existence of a contract, (2) plaintiff's performance or excuse for non-

20   performance, (3) defendant's breach, and (4) damages to plaintiff therefrom.  *Acoustics,*

21   *Inc. v. Trepte Construction Co*., 14 Cal.App.3d 887, 913 (1971).  Typically, "a non-party,

22   or nonsignatory, to a contract is not liable for a breach of that contract" *Int'l Union of*

23   *Operating Engineers, Local 3 v. Zurich N. Am.*, No. S06-0957 WBSKJM, 2006 WL

24   2791156, at *3 (E.D. Cal. Sept. 27, 2006).  As this Court has noted, there are legal

25   theories upon which contractual liability can be extended to non-signatories, provided a

26   proper factual predicate is plead for the applicable theory.  *See Wallis v. Centennial Ins.*

27   *Co.*, No. CIV. 08-02558 WBS, 2013 WL 3803971, at *3 (E.D. Cal. July 19, 2013)

28   (Shubb, J.).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4837-2487-7631 v1                    - 2 -          MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS COMPLAINT 2:16-CV-02759

1    AMI is not a party or signatory to the contract and no facts are plead upon which to

2  hold it liable for Spectocor's alleged breaches.  As such, the breach of contract fails and

3  should be dismissed as against AMI.

4  **V.      CONCLUSION**

5    For the foregoing reasons, AMI respectfully requests that the Court sustain this

6  Motion to Dismiss and dismiss Plaintiff's causes of action for breach of contract as

7  against AMI.

8

9  Dated: December 27, 2016          WICK PHILLIPS GOULD & MARTIN, LLP

10

11                                      By: *s/ J. Sean Lemoine*
                                          J. Sean Lemoine
12                                        Attorneys for Defendant
                                          AMI Monitoring, Inc. and SPECTOCOR,
13                                        LLC

14
                                        BURKE, WILLIAMS & SORENSEN, LLP
15

16

17                                      By: *s/ J. Leah Castella*
                                          J. Leah Castella
18                                        Attorneys for Defendant
                                          AMI Monitoring, Inc. and SPECTOCOR,
19                                        LLC

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4837-2487-7631 v1         - 3 -